JOHN J. CORCORAN

v.

CHICAGO, MADISON & NORTHERN RAILROAD COM-
PANY ET AL.

*Municipal Corporations—Streets—Vacation—Injunction.*

It is within the discretion of municipal authorities to permit steam
railroad tracks to be laid and operated in public streets, and such appro-
priation is not a new use thereof, or an additional burden thereon, in

such sense as will entitle an abutting property owner to enjoin such use of the street on which his property fronts. The remedy, in such case, is at law.

[Opinion filed December 11, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. ROBERT RAE, for appellant.

Mr. ELBERT H. GARY, for appellees.

Appellant's remedy, if he has any, is in an action at law. The prayer of the bill is only for an injunction. An injunction is requested to restrain the railroad companies from entering upon and taking possession of the street and constructing, maintaining and operating a railroad with two or more main tracks, and necessary side or connecting tracks, turnouts, switches and appurtenances, without first condemning the north half of said street abutting, and in front of complainant's property, according to the statute, and paying complainant all damages to be sustained, and to enjoin the city from issuing a license or permit to the railroad companies.

Where a railway company, under authority from the city, has located its road upon a public street and is constructing the same, a court of equity will not entertain a bill to restrain the operation of the road until the complainant's damages to lots owned by him, abutting on the street, are ascertained and paid, but will leave him to his remedy at law.

The company is not bound to make compensation for expected damages before entering upon the work it has a lawful right to do under the powers conferred by its charter. The party would be entitled to his action. When he has settled the question of his right to damages and ascertained the measure in an action at law, if any reason exists why he can not have execution of the same, equity will assist him, but not before. Stetson v. Chicago & Evanston R. R. Co., 75 Ill. 74.

In case of a claim of consequential damages to land on account of the operating of a railroad, where no part of the

land claimed to be affected is taken for the use of the road, a bill in chancery will not be entertained to enjoin the use of the railroad until such damages are paid or assessed.

The fee of streets being in the city where they are located, and the city having power to control and regulate their use, a court of equity will not, at the suit of an individual, enjoin a railway company from operating its road laid in the street without permission from the city, but will leave the redress to the public authorities. Patterson v. Chicago, Danville & Vincennes R. R. Co., 75 Ill. 588.

It has been long the settled doctrine in this State, that when, by the charter of a city, its legal authorities are vested with exclusive control over the streets, and these authorities grant permission to lay down railway tracks along the street, the owners or occupants of property fronting on such street can not enjoin the laying of such track, nor be allowed any damages or compensation for such use of a street.

The recovery of damages in a suit against a railroad company for injury to property fronting on a street in a city over which it passes, where there is any liability at all, is confined to the direct physical injury done to the property by the operation of the road. Chicago, Burlington & Quincy R. R. Co. v. McGinnis, 79 Ill. 269.

A court of equity will not assume jurisdiction to enjoin the use of a railroad track upon a public street, until the adjoining land owners' damages shall have been assessed and paid under the eminent domain act, and this, though the railroad company may be insolvent. Peoria & Rock Island Ry. Co. v. Shertz, 34 Ill. 135.

A court of chancery will not assume jurisdiction to control the use of a street in an incorporated city by a railroad company, or the manner in which the track is laid, or in which the business of the road is operated thereon, for the reason that this power is conferred by law upon the corporate authorities of the city, and the courts can not supervise the exercise of such power at the suit of the people. Cairo & Vincennes R. R. Co. v. The People, 92 Ill. 170.

A court of equity will not take jurisdiction to restrain the

laying of a railroad side-track by a company in a public street in front of its own property, to connect with the main track of a railway under license by the city council by ordinance, on a bill by private individuals owning property in the vicinity, but not abutting on the part of the street so used.

Any damage that may be sustained by property owners in a city, by reason of the construction of a railroad track under a license of a city holding the fee in the street, must be sought in an action at law: Truesdale v. The Peoria Grape Sugar Co., 101 Ill. 561.

In Rigney v. City of Chicago, 102 Ill. 64, it is held, that under the provision of the constitution of 1870, that "private property shall not be taken or damaged for public use without just compensation," redress may be given in a class of cases for which there was no remedy under the old constitution. But in order to authorize a recovery by an individual for an injury to his property by the construction of a public improvement under the authority of the statute, it must appear that there has been some direct, physical disturbance of a right, either public or private, which the plaintiff enjoys in connection with his property, and which gives to it an additional value, and that by reason of such disturbance he has sustained a special damage with respect to his property in excess of that sustained by the public in general. In the opinion of the court, the decision in Stetson v. Chicago & Evanston R. R. Co. is referred to, and said not to be repugnant to the decision in the Rigney case. What was decided in the Stetson case was, that a bill in equity would not lie, but that the party would be left to his action at law for whatever actual damages he might have sustained, the court having held that where there had been no actual taking of the property, and the company had constructed its tracks under authority from the city, chancery had no jurisdiction. What was said in the Stetson case with respect to the character of the injury was not necessary to the decision of the case, and must be regarded as mere *obiter*.

A court of chancery has no jurisdiction to enjoin a railway company from the use of a public street of a city for a switch

under a permit from the city council, when the fee of the street is in such city, on the ground of injury to private property situated on such street. The party complaining, if he has any remedy, must seek it in a court of law.    Mills v. Parlin, 106 Ill. 60.

In Provision Co. v. City of Chicago, 111 Ill. 660, it is said by the court, per Scholfield, J.: The city might lawfully construct a viaduct, and although it should damage private property, it could not have been enjoined from its construction, for the party injured would have his remedy in an action at law after the completion of the work.    Citing Stetson v. Chicago & Evanston R. R. Co., 75 Ill. 74.

Where private lots in a city are physically damaged or injured in value by the construction and operation of a railroad in close proximity thereto along a public street, the right of action, if any exists, is vested in the owners of the lots immediately upon the construction of the railroad to recover for all damages, past, present and future, and a subsequent grantee of the lots can not maintain an action at all for the proper use and operation of the road after his purchase.

A railroad track laid upon a street by authority of law, properly constructed and operated in a skillful and careful manner, is not in law a nuisance.    Chicago & Eastern Illinois R. R. Co. v. Loeb, 118 Ill. 203.

The remedy of a person sustaining injury by the construction of a railway in the street of a city under license granted by the city council, is at law, and a court of chancery has no jurisdiction.    Parlin v. Mills, 11 Ill. App. 396.

The argument of counsel for appellant in all its divisions and branches, is that the facts show that Archer avenue is vacated, and that appellant has some rights in the fee which it is intended to interfere with, and that such interference may be prevented by injunction.    There is absolutely nothing on which to base the conclusions of fact, nor would the right to the relief asked exist if the facts were as claimed.    If Archer avenue were in fact legally vacated, the fee would revert to the original proprietor, and appellant would have no interest whatever in it.

The city council is the exclusive judge of the necessity and utility of a public improvement, and the private individual has no voice in the matter, the only condition being that he shall be compensated if damaged. Pierce on Railroads, p. 746; Mills on Eminent Domain, Sec. 11; Lewis on Eminent Domain, Sec. 162; C. D. & V. R. R. v. Smith, 62 Ill. 275.

The council has the absolute and exclusive control of the street, and the courts have no right to interfere with the exercise of any legal act on the part of the legislative body. Mills on Eminent Domain, Sec. 61; C. & E. Ill. v. Wiltse, 116 Ill. 454; Hyde Park v. Cemetery Ass'n, 119 Ill. 149; Dunham v. Hyde Park, 75 Ill. 371.

Courts will not, in general, inquire into the motives of members of the city council in passing ordinances. 1 Dillon on Municipal Corp., Sec. 248; Freeport v. Marks, 59 Pa. St. 253; Buell v. Ball, 20 Ia. 282.

Even on complaint of the State, the courts will not allow it to be shown, for the purpose of defeating the operation of a law, that it was passed by fraud, corruption and bribery of the members of the Legislature. 1 Dillon, 248, note 1 and citations; Fletcher v. Peck, 6 Cranch, 87, 129, 130; Ex parte McArdle, 7 Wall. 514; Doyle v. Ins. Co., 94 U. S. 541; Soon Hing v. Crowley, 113 U. S. 703, 704, 710; Plank Road v. Woodhull, 25 Mich. 103; Aldrich v. Williams, 3 How. 24; Wright v. Defrees, 8 Md. 298, 302; Jones v. Jones, 12 Pa. St. 350, 357; F. L. & T. Co. v. C. P. & S. R. R. Co., 39 Fed. Rep. 143; Maynard v. Hill, 125 U. S. 190, 209; Johnson v. Higgins, 3 Met. (Ky.), 566, 576; S. E. R. R. Co. v. Cooper, 33 Pa. St. 278, 283; Stark v. McGowan, 1 Nott & McGowan, 378, 400; People v. Flagg, 46 N. Y. 405.

MORAN, J. A bill was filed by appellant, in which he alleged that he was the lessee of certain lots situated on Archer avenue, in the city of Chicago, and had erected offices, staging, platforms, bins and necessary machinery thereon, at great expense, for the purpose of carrying on a coal business, and that he occupies the premises as a wholesale and retail coal and fuel yard. That when he leased the premises the

Chicago City Railway operated its horse railroad, with tracks laid on Archer avenue fronting on said premises, and the cars of said horse railroad were of great profit and concern in the operation of his business, by giving ready and convenient means of access to his place of business, to his customers and others desiring to do business with his coal yard.

That the city has passed two ordinances, which are attached to the bill, by the operation of which said horse car company will be compelled to move its tracks and relay them on a new street running beside the old Archer avenue, and on the south side thereof, and on the portion of old Archer avenue in front of appellant's premises and on which they abut, was granted the right to the defendant railroad company to construct, maintain and operate a railroad with tracks, turnouts, switches, etc., on condition that it shall pay all damages that shall accrue to property owners fronting on said street. Alleges that the effect of the ordinances is to vacate the said Archer avenue as a street in front of appellant's premises, and abandon the same, and to locate Archer avenue south of the railroad tracks now on and to be placed on said street. That by so abandoning and vacating said street, the easement for public purposes upon the land on which said street was laid out, is gone, and that said land has reverted to the original dedicator, who is complainant's lessor, and that the north half of the bed of said vacated street became the property of complainant during the term of his lease, and that said railroad company can not deprive him of the land, or lay any tracks thereon, without condemning said land and making compensation therefor.

The bill contains many other allegations, showing how complainant's business and the use of his premises will be interfered with and ruined, by reason of the manner in which the changes ordered by the city are to be carried out, and the old street in front of his premises used.

One of the ordinances which is mentioned in the bill, provides for the widening of Archer avenue between certain designated points, appropriating certain land on the south side of said avenue by condemnation proceedings. The

other ordinance grants to the appellee, on certain conditions, the right, when said Archer avenue is widened, to lay down its tracks and operate its road along the northerly side of Archer avenue, as widened.

The allegations of the bill make out a case of great and serious injury to complainant, by reason of the proposed changes and the construction of the additional railroad tracks upon the street, but anticipated injury in such a case does not give to a court of equity jurisdiction to interfere.

If, in fact, appellant's contention that the effect of the ordinances was the abandonment and vacation of the street in front of his premises, and that consequently the land had reverted to his lessor of the public easement, was maintainable, he would probably have a standing in court to prevent the appropriation of his property by the railroad company, until compensation therefor was made.

But it is impossible to maintain, in our opinion, that either ordinance, or both taken together, effect a vacation of Archer avenue as a street at the point where appellant's property abuts upon it. The intent of one of the ordinances is manifestly not to abandon or vacate, but to widen the street, so as, it must be presumed, to give increased accommodation to the public. The other ordinance operates to increase the number of railroad tracks on the old portion of the widened street.

However forcible the arguments against the doctrine may be, it is established by a long series of decisions in this State that it is within the discretion of municipal authorities to permit steam railroad tracks to be laid, and such roads to be operated in the public streets, and that such appropriation of the streets is not a new use thereof, or an additional burden thereon, in any such sense as will entitle an abutting property owner to enjoin such use of the street on which his property fronts. Moses v. P. & F. W. R. R. Co., 21 Ill. 516; Stetson v. Chicago & E. R. Co., 75 Ill. 74; Mills v. Parlin, 106 Ill. 660.

It may be quite true that every additional track is a damage to the property owner, and directly and demonstrably diminishes the value of his property and its convenient use, but if the company has the consent of the proper municipal

authorities, he must seek his remedy by an action at law.    A court of equity has no power to exercise a preventive remedy in such a case.

The decree of the Circuit Court denying the injunction and dismissing the bill must be affirmed.

*Decree affirmed.*