JOHN J. CORCORAN

*v.*

THE CHICAGO, MADISON AND NORTHERN RAILROAD COMPANY *et al.*

*Filed at Ottawa March 31, 1894.*

1. STREETS—*widening street for use of railroad company.* A city passed two ordinances at the same time, one purporting to provide for the widening of a portion of a street by condemning land one hundred feet in width south of the south line of such street, and the other for permitting railroad companies, under certain conditions therein prescribed, to occupy the old portion of the street, and thirty feet in width of such one hundred feet, for their tracks, etc.: *Held,* that the ordinances were void, for the reason that their purpose and effect were to give a portion of the public highway, dedicated to the public use, to railroad companies, to be occupied to the exclusion of the general public.

2. SAME—*vacating street for private use.* The municipal authorities of cities and villages have no power to vacate a public street, or any portion thereof, for the sole benefit and use of a private individual or corporation. The streets of a city, by the platting and dedication thereof, become public highways for the use of the public at large, in their entire width and length, as streets, and the city, though invested with the fee thereto, has not the unqualified control and disposition of them. At most, the city but holds them in trust for the benefit of the general public.

3. INJUNCTION—*enjoining the use of a street.* Injunction will not be granted, at the suit of an abutting lot owner, to restrain a railway company from the joint use of a public street with the general public. The abutting land owner is remitted to his action at law to recover compensation for the consequential damages resulting to his property from the additional burden imposed upon the street.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

On August 1, 1889, the city of Chicago adopted two ordinances, one purporting to provide for the widening of a portion of Archer avenue, in said city, by condemning land one hundred feet in width, south of the south line of said avenue, and the other for permitting railroad companies, under certain conditions and regulations therein prescribed, to occupy the old portion of the avenue, and thirty feet in width of the said one hundred feet, for their tracks, etc. These ordinances, or so much of them as becomes material here, are set out in *Ligare* v. *Chicago*, 139 Ill. 46, together with a plat of the *locus in quo*, to which reference is made.

Appellant occupied, under a lease from the estate of William B. Ogden, deceased, for a term of years, lots 16, 17 and 18, block 3, in South Branch addition to Chicago, said premises lying on the north side of said avenue and immediately east of and adjacent to Ogden slip. On July 12, 1890, appellant filed his bill in the circuit court of Cook county, alleging his leasehold interest; the dedication of said avenue, etc., as a highway, by the original proprietor, William B. Ogden; the great amount expended and incurred by complainant in fitting the premises for coal and fuel yards, and in and about his business thereon of wholesale and retail dealer in fuels, etc., and the irreparable injury he will sustain if said ordinances are carried into effect; alleges that said ordinances are, in effect, a vacation of Archer avenue between the points therein named and in front of said lots, and that by reason of such vacation the public easement is destroyed, and that the portion of the avenue so alleged to be vacated, reverted to complainant's lessor, and that the north half thereof, during the remainder of his term, became the property of the complainant, and which the railroad companies, under said ordinances, can

not deprive him of and lay tracks thereon without first con-
demning said land and making compensation therefor; prays
injunction restraining the railroad companies from entering
upon said land and laying tracks thereon, and the city from
licensing or permitting the same to be done, unless complain-
ant is first compensated, etc.

Answer to the bill was filed, the particular averments of
which need not be set out, and the cause was set down for
hearing, and heard on bill and answer, affidavits filed, and
documentary proofs, and a decree entered dismissing the bill
for want of equity, without prejudice to an action at law. On
appeal to the Appellate Court this decree was affirmed, and
appellant prosecutes this further appeal.

Mr. Robert Rae, and Mr. George W. Baker, for the ap-
pellant:

A power to vacate streets does not authorize the relinquish-
ment of the street to a railroad company, as against the abut-
ting lot owners. *Glasgow* v. *St. Louis*, 87 Mo. 678; *John* v.
*Cheny Street*, 19 Wend. 659; 2 Dillon on Mun. Corp. sec. 653.

When the powers given to a railroad company are incon-
sistent with the use by the public, the courts will enjoin the
diversion of the right to the use of the streets by an abutting
property holder. *Zinc Co.* v. *LaSalle*, 117 Ill. 418; *Chicago*
v. *Building Ass.* 102 id. 379; *Carter* v. *Chicago*, 57 id. 283;
*Railroad Co.* v. *Combs*, 10 Bush, 382; *Backus* v. *Detroit*, 49
Mich. 110.

Where the power of eminent domain has been delegated to
public officers or others, who are threatening to make a per-
manent appropriation of private property to public uses, in
excess of the power granted, or without complying with the
conditions upon which the right to make appropriations is
given, a court of equity will prevent the threatened wrong,
without regard to the question of irreparable damages, or the
existence of legal remedies which may afford money compen-

sation. *Cobb* v. *Coal Co.* 68 Ill. 233 ; *Bolton* v. *McShane*, 67 Iowa, 207 ; *Railroad Co.* v. *Owengs*, 15 Md. 199 ; *Frederick* v. *Groshen*, 30 id. 436 ; *Railroad Co.'s Appeal*, 115 Pa. St. 514 ; *Browning* v. *Railroad Co.* 4 N. J. Eq. 47.

Where property is damaged by the vacation of a street, alley or highway, the damages must be ascertained, and paid to the abutting lot owners. *Meyer* v. *Teutopolis*, 131 Ill. 556 ; *East St. Louis* v. *O'Flynn*, 119 id. 200 ; *Railway Co.* v. *Brad*, L. R. 4 Eng. and I. App. 178 ; *Penny* v. *Railway Co.* 7 E. & B. 660 ; *Railway Co.* v. *Hunter*, 2 Sch. Ch. Div. App. 78 ; *Gebhardt* v. *Reeves*, 75 Ill. 307 ; *Alden* v. *Penny*, 12 Iowa, 348.

By the vacation of the street the fee reverts to the dedicator. *Zinc Co.* v. *LaSalle*, 117 Ill. 418 ; *Hamilton* v. *Railroad Co.* 124 id. 248 ; *Gebhardt* v. *Reeves*, 75 id. 307.

Mr. Elbert H. Gary, for the appellees :

As to the power of cities, etc., to convey to a railway company a right to the use of a street, see *Quincy* v. *Railroad Co.* 92 Ill. 21 ; *Railroad Co.* v. *Belleville*, 122 id. 376 ; *Olney* v. *Wharf*, 115 id. 525.

Appellant's remedy, if any, is an action at law. *Stetson* v. *Railroad Co.* 75 Ill. 74 ; *Patterson* v. *Railroad Co.* id. 588 ; *Railroad Co.* v. *McGinnis*, 79 id. 269 ; *Railroad Co.* v. *People*, 92 id. 170 ; *Truesdale* v. *Grape Sugar Co.* 101 id. 561 ; *Rigney* v. *Chicago*, 102 id. 64 ; *Mills* v. *Parlin*, 106 id. 60.

The city council is the exclusive judge of the necessity and utility of a public improvement, and the private individual has no voice in the matter, the only condition being that he shall be compensated if damaged. Pierce on Railroads, 746 ; Mills on Eminent Domain, sec. 11 ; Lewis on Eminent Domain, sec. 162 ; *Railroad Co.* v. *Smith*, 62 Ill. 275.

The city council has the absolute and exclusive control of the street, and the courts have no right to interfere with the exercise of any legal act on the part of the legislative body. Mills on Eminent Domain, sec. 61 ; *Railroad Co.* v. *Wiltse*,

116 Ill. 454; *Hyde Park* v. *Cemetery Ass.* 119 id. 149; *Dunham* v. *Hyde Park,* 75 id. 371.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

It is contended by appellant that the action of the city in adopting the ordinances before us amounted to a vacation of the portion of the street in question, and that thereupon the part thus vacated reverted to the original proprietor and became a part of the abutting lots, and that appellant, by virtue of his lease and possession, has a vested interest therein, of which he could not be deprived without compensation first having been made. Conceding the purpose and object of the ordinances to be the vacation of that portion of Archer avenue lying north of the one hundred feet to be condemned, as therein provided, they were illegal and invalid, and therefore ineffectual to vacate such portion of the street. The two ordinances were passed at the same time, and, within the construction placed upon them in *Ligare* v. *Chicago,* 139 Ill. 46, must be regarded as one ordinance. Whether, if said ordinances were effectual as vacating a part of the street, the land would revert to the original proprietor, and appellant have such an interest therein, under his lease, as should be first compensated for under the law of eminent domain, it is not necessary here to be determined. If such was the case, it might well be that a court of equity would entertain jurisdiction to prevent the threatened invasion of his rights.

The ordinance in question was illegal and void, for the reason that its purpose and effect were to give a portion of the public highway, dedicated to the public use, to railroad companies, to be by them occupied by railroad tracks, to the exclusion of the general public. The municipal authorities have no power to vacate a public street, or any portion thereof, for the sole benefit and use of a private individual or corporation. The streets of the city, by the platting and dedication

thereof, became public highways for the use of the public at large, in their entire width and length, as streets, and the city, though invested with the fee thereto, "has not the unqualified control and disposition of them. * * * At most it but holds them in trust for the benefit of the general public." (*Alton* v. *Transportation Co.* 12 Ill. 38.) In *Chicago Dock Co.* v. *Garrity*, 115 Ill. 155, it was said, that "we recognize as un-- questionable law that the use of the streets * * * must be for the public, and that no corporation or individual can acquire an exclusive right to their use, or to the use of any part of them for private purposes." In the late case of *Smith et al.* v. *McDowell*, 148 Ill. 51, the village board passed an ordinance vacating five by eighty-five feet of the public street, to afford an area-way for ingress and egress to and from the basement of a building being erected on the abutting lot, and it was held that this action of the board was a perversion of their power to promote private interests, in violation of the trust upon which the streets were held, and that the ordinance, therefore, was void. (See cases there cited.)

In *Ligare* v. *Chicago, supra,* in construing this ordinance, the purpose and effect of it were held to be, the exclusion of all save the railroad companies from the portion of the street in question, and to give to the railroad companies the exclusive use and occupation thereof. This, under the authorities before cited, the city had no authority to do, and the ordi-- nances, whether they be regarded as intended to effect a perversion of a part of the street to the use of the railway corporations, or as one providing for the institution of condemnation proceedings, as in the *Ligare case,* was *ultra vires* and void. The validity of these ordinances was passed upon in *Ligare* v. *Chicago, supra,* and the reasoning of that case need not be here repeated.

The bill in this case is predicated upon the assumption that the ordinance was, in effect, a vacation of the street; that the-

part vacated reverted to the original proprietor, and that appellant, under his lease, had an interest in the north half of the street supposed to be vacated, upon which said lots abutted. The frame of the bill and the relief sought would seem to indicate a misconception, on the part of the pleader, as to the power of the municipality to adopt the ordinances in question. The ordinance, being void, was ineffectual to vacate the part of the street in question, and there could therefore be no reversion, and the right of appellant to maintain the bill upon the theory upon which it is framed necessarily fails.

If the ordinance permitting the laying of railroad tracks in Archer avenue could be regarded as not attempting to exclude the general public from the use thereof as one of the public streets of the city, but as subjecting it simply to an additional public use, it is well settled in this State that injunction will not be granted, at the suit of an abutting lot owner, to restrain such additional use. *Stetson* v. *Chicago and Evanston Railroad Co.* 75 Ill. 74; *Patterson* v. *Chicago, Danville and Vincennes Railroad Co.* id. 588; *Chicago, Burlington and Quincy Railroad Co.* v. *McGinnis,* 79 id. 269; *Truesdale* v. *Peoria Grape Sugar Co.* 101 id. 564; *Penn Mutual Life Ins. Co.* v. *Heiss,* 141 id. 35. The abutting lot owner is remitted to his action at law to recover compensation for the consequential damages resulting to his property from the additional burthen imposed upon the street.

We have carefully examined the bill, and it discloses no wrong or damage, suffered or threatened, for which appellant has not an adequate remedy at law.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*