## Chicago General Ry. Co. v. West Chicago St. R. R. Co.

1. STREET RAILWAYS—*Property Entitled to Protection.*— Property in street railways is entitled to protection against wrongdoing to the same extent as other property.

2. SAME—*Privilege of Laying Tracks in Public Streets.*—The privilege of laying tracks in public streets is given to street railway companies for the accommodation and benefit of the public and their undertaking to serve it.

3. SAME—*Two Companies in the Same Street.*—Where there has been given to two companies the right to place rails in and use the same street, each is bound to place its rails and to use the street in such manner that the public may have the benefit which can be derived from such joint use. Neither can be permitted to unnecessarily interfere with the right of the other.

4. SAME—*Joint Use of Street.*—Where two companies jointly occupy a street, each one is bound to exercise its right to place and maintain its tracks in such a manner that the same shall be an accommodation to the public, and shall not unnecessarily interfere with its right of passage.

Bill for Relief.—Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded, with directions. Opinion filed April 13, 1896.

C. C. & C. L. Bonney and Lyman M. Paine, attorneys for plaintiff in error.

The right, in consideration of services rendered the public, to lay tracks in a public street, and to operate cars thereon, is a valuable property, and is therefore a property right.

Being property, if it is to be taken for the public use, its owners are entitled to just compensation, and that compensation, it would seem, must be ascertained by a jury. P. P. & J. Ry. v. P. & S. Ry., 66 Ill. 174; Central Ry. Co. v. Fort Clark Ry., 81 Ill. 523; C. R. & P. Ry. v. Town of Lake, 71 Ill. 333; C. L. & C. Ry. v. D. & V. Ry., 75 Ill. 113; Metropolitan Ry. v. Chicago W. D. Ry., 87 Ill. 317; C. & N. W. Ry. v. C. & E. Ry., 112 Ill. 589.

Injunction is the proper remedy to restrain the taking of property where just compensation has not been first fixed by a jury and paid according to law. Hickey v. C. & W. I. Ry., 6 Ill. App. 172; Cobb v. I. & St. L. Ry., 68 Ill. 233; Snell v. Buresh, 123 Ill. 151; Field v. Barling, 149 Ill. 556; Zearing v. Raber, 74 Ill. 409; Princeville v. Auten, 77 Ill. 325; Earll v. Chicago, 136 Ill. 277; Bez v. C., R. I. & P. Ry., 23 Ill. App. 137; Carter v. Chicago, 57 Ill. 283.

Egbert Jamieson and John A. Rose, attorneys for defendant in error.

Mr. Presiding Justice Gary delivered the opinion of the Court.

The melodious alliteration by which the brief of the plaintiff in error characterizes the defendant in error as a "midnight marauder," is, as Pecksniff said about getting drunk—"very soothing."

The bill to which the Circuit Court sustained a demurrer, and dismissed, is as follows:

"Humbly complaining, showeth unto your honors your orator, the Chicago General Railway Company, that heretofore, to wit, on or about October 21, A. D. 1893, your orator was duly incorporated under the so-called general

466    APPELLATE COURTS OF ILLINOIS.

VOL. 63.] Chicago Gen. Ry. Co. v. West Chicago St. R. R. Co.

railway laws of said State of Illinois, to construct certain lines of railway, described in its articles of incorporation, and to acquire, purchase, lease, maintain, and operate any railway or railways or portions thereof which may exist or be constructed upon or along the line described in said articles of incorporation, or any of them, one of which said lines was and is along the public highway, in the city of Chicago, in the county of Cook, State of Illinois, known and described as West Twenty-second street, including that part of said Twenty-second street which is located between the Chicago river on the east and Crawford avenue on the west, as is more definitely shown on a map or plat attached hereto and marked 'Exhibit A,' and made a part hereof; and that the part of said street which is particularly involved in the controversy, in respect whereof this bill of complaint is filed, is near Crawford avenue, as is more definitely shown on a map attached hereto, and made a part hereof, and marked 'Exhibit B.'

A copy of the articles of incorporation of your orator is hereto annexed, and made a part hereof, for such reference as occasion may from time to time require, and is marked 'Exhibit C.'

And your orator further shows unto your honors, that the West and South Towns Street Railway Company is a corporation which was duly organized under the laws of this State, on or about August 7, A. D. 1891, under the name of the West and South Towns Horse Railway Company, which name was afterward, to wit, on or about March 23, A. D. 1892, changed in due form of law to the West and South Towns Street Railway Company, for the construction and operation of a horse, electric or cable dummy railroad, on any or all such streets within the present or future limits of the city of Chicago, as might be granted to it by the city council of said city, and particularly for the construction of such railway along said Twenty-second street, including that part of said street located between the Chicago river and Crawford avenue, as aforesaid.

A copy of the articles of incorporation of the said West

and South Towns Street Railway Company is hereby annexed and made a part hereof, for such reference as occasion may from time to time require, and is marked 'Exhibit D.' And your orator further shows unto your honors that on or about February 8, 1892, the city council of the said city of Chicago, duly passed an ordinance which is still in full force and effect, wherein and whereby the said city council granted to the said West and South Towns Street Railway Company, its successors and assigns, consent, permission and authority to lay down, construct, operate and maintain a single or double track street railway, with all necessary and convenient turn-outs, turn-tables, side tracks, connections and switches, in, upon, over and along certain portions of streets, alleys, blocks or grounds in the city of Chicago, including the right to cross all connecting, abutting and intersecting streets, avenues, courts, places, alleys and public highways, including that portion of said Twenty-second street above described as located between said Chicago river and said Crawford avenue.

A copy of said ordinance is hereto annexed and made part hereof, for such reference as occasion may from time to time require, and is marked 'Exhibit E.'

And your orator further shows unto your honors that having obtained the proper permit therefor from the commissioner of public works of the said city of Chicago, said West and South Towns Street Railway Company proceeded to locate and fix its right of way for its said railway from said Chicago river to said Crawford avenue on each side of the center line of said Twenty-second street; that is to say to locate one track of its said railway on the north side of said center line and the other track of its said railway on the south side of said center line, and thereupon proceeded to construct, equip and put in operation the railway track located on the north side of the center line from said Chicago river to said Crawford avenue, and also proceeded to construct, equip and put in operation the railway track so located on the south of the said center line, except about fifteen hundred (1500) feet thereof near said Crawford avenue.

468    APPELLATE COURTS OF ILLINOIS.

VOL. 63.] Chicago Gen. Ry. Co. v. West Chicago St. R. R. Co.

And your orator also shows that the length of double track so constructed and operated from said river to said Crawford avenue is about four miles and one half a mile. And your orator also shows that said location of said line and the construction thereof as aforesaid, was had and made by and with the concurrence of the department of public works of the said city of Chicago, under and in compliance with said permit and ordinance, and that the operation of said railway tracks has been and still is continued by your orator under the lease hereinafter set forth; and that your orator has been and still is intending, as the lessee of said West and South Towns Street Railway Company, to proceed as speedily as circumstances may allow and complete and put in operation said fifteen hundred (1500) feet of said southerly line of its track as authorized by said ordinance and said permit.

And your orator also shows that the completion of said southerly track of said railway as above described is necessary to complete the double track railway authorized by law, and the ordinances of said city, and demanded by the necessities of the traveling public, from the south branch of the Chicago river in said city westerly to said Crawford avenue; and that the intervening space, over which your orator desires and has the right to build said southerly track is about fifteen hundred (1500) feet in length, as aforesaid.

And your orator further shows unto your honors, that on or about April 3, 1894, your orator, as it lawfully might do under the laws of this State, obtained and acquired by lease from the said West and South Towns Street Railway Company, all and singular the railways of said company, including particularly its line of railway on said Twenty-second street in said city of Chicago; together with all and singular the rights, privileges and licenses granted by the city council of said city of Chicago to said West and South Towns Street Railway Company to lay down, construct and operate such railways in certain streets of said city, including that part of said Twenty-second street above

described, as located between said Chicago river and said Crawford avenue. And thereupon your orator entered into possession, under said lease, of all and singular the railway lines, property, rights and privileges aforesaid, and has ever since been, and still is engaged in the construction and operation of said lines of railway in comformity to the laws of this State and the ordinances of the city of Chicago.

And your orator further shows that it has caused a correct plat of a portion of said Twenty-second street, to be made, which said plat correctly shows said Twenty-second street from the west line of Crawford avenue, to a point east of the easterly line of Ogden avenue, where said easterly line of Ogden avenue intersects with the north line of said Twenty-second street, and which plat shows the place of the location and construction of the north track of the Chicago General Railway Company; the place of location and construction of the north trolley wire of the Chicago General Railway Company; the place of location and construction of the south trolley wire of the Chicago General Railway Company over the location of the unconstructed fifteen hundred feet of the south track of your orator's railway; the place of the location and construction of a portion of the south track of the Chicago General Railway Company constructed across Crawford avenue; the Odgen avenue electric line of the West Chicago Street Railroad Company, and the one hundred and eighty (180) feet of the new tracks, laid by the West Chicago Street Railroad Company in, upon and along the south half of the easement of the Chicago General Railway Company, and on the line of the south track thereof, and under the south trolley wire of said Chicago General Railway Company, which said plat is hereto attached and made a part hereof, and marked ' Exhibit B.'

And your orator further shows that the line of said south track of its said railway is located and established by your orator and said city of Chicago so that the northerly rail of so much of said south track as has been constructed is,

470    Appellate Courts of Illinois.

Vol. 63.] Chicago Gen. Ry. Co. v. West Chicago St. R. R. Co.

and of so much of said northerly rail as is to be constructed will be, situated two (2) feet and five (5) inches south of the center line of Twenty-second street, and that the southerly rail of so much of said south track as has been constructed is, and of so much of said southerly track as is to be constructed will be, four (4) feet and eight and a half (8½) inches south of said northerly rail of said south track.

And your orator further shows unto your honors that the West Chicago Street Railroad Company, which is a corporation duly organized under the laws of the said State of Illinois, and is engaged in the operation of certain lines of street railway in the West Division of said city, has no right or authority, under or by virtue of any law of this State, or under or by virtue of any ordinance of said city of Chicago, or any permit in writing from the commissioner of public works of said city of Chicago, or otherwise, to occupy, use, or lay down or construct any railway track longitudinally within any portion of said Twenty-second street which is located between said Chicago river and said Crawford avenue, as aforesaid. Nevertheless, the said West Chicago Street Railroad Company, in violation of law and the rights of your orator, and without having given any notice or taken any proceedings by condemnation, purchase, lease, or otherwise, to acquire any right so to do, entered upon the right of way of your orator along said part of said Twenty-second street and took possession of a part of the south half thereof between the disconnected ends of the south track of your orator's railway, the location of which more fully appears by reference to Exhibit B aforesaid, said part of said south half of said right of way being the portion thereof within which your orator has not yet completed the construction of said second railway track; and thereupon said West Chicago Street Railroad Company, without any such notice, consent, or authority, has already actually constructed, and laid down, longitudinally upon said right of way in said Twenty-second street, a railway track consisting of rails, switching frogs, ties and other appurtenances for about one hundred and eighty (180) feet; that the north

rail of said railway track is located and constructed two (2) feet and five (5) inches south of the center line of said Twenty-second street, and that the southerly rail of said railway track is located and constructed four (4) feet and eight and a half (8½) inches south of the north rail of said railway track, and that the said West Chicago Street Railroad Company has constructed and is proceeding to construct in connection with said railway track seven (7) switching tracks so-called, whereby the said West Chicago Street Railroad Company has actually entered upon and confiscated a portion of said right of way of your orators in such a manner, and to such an extent, as will, if permitted to continue, wholly prevent the completion of said southerly track of your orator's said railway so authorized and located as aforesaid.

And your orator further shows unto your honors, that the said West Chicago Street Railroad Company has in no manner acquired any lawful right or authority to use or occupy any part of said Twenty-second street, but without having obtained therefor any petition of property owners whatever, and without having procured therefor any ordinance whatever of the city council of said city of Chicago, purporting to give any authority so to do, and without having obtained therefor any consent from your orator, and without having acquired any right so to do by any proceeding under the law of eminent domain of this State, or in any other manner whatever, the said West Chicago Street Railroad Company, well knowing the premises, nevertheless unlawfully and improperly procured the issue of a certain pretended permit, signed, not by the commissioner of public works, but by an alleged assistant superintendent of streets, who had no power or authority to issue any such permit, and under color of the same entered upon your orator's said right of way and proceeded to occupy and use the same in manner aforesaid.

And your orator further shows that at the time of the filing of this bill of complaint, and for five years last past, the general ordinances of the city of Chicago relating to the

472     APPELLATE COURTS OF ILLINOIS.

VOL. 63.] Chicago Gen. Ry. Co. v. West Chicago St. R. R. Co.

laying of tracks within the streets, and the securing of a permit therefor, were and are as follows:

2089.   TRACK-LAYING—PERMIT A PREREQUISITE.   Be it ordained by the city council of the city of Chicago.   Sec. 1.   Hereafter it shall not be lawful for any person or corporation to lay any railroad track or tracks in or upon any of the streets, avenues, alleys or other public places within the city of Chicago, without first procuring a permit, in writing, therefor, from the commissioner of public works.

2090.   PERMIT—HOW ISSUED—CONTENTS—FEE.   Par. 2. Such permit shall be issued by the commissioner of public works in accordance with the terms of the respective ordinances under which the said tracks may be authorized to be laid, and shall specify in full the terms and conditions under which the same shall be constructed.   For every such permit there shall be paid to the city the cost of issuing the same and the expense of causing the construction under said permit, to be superintended by the department of public works.

2091.   PENAL CLAUSE.   Par. 3.   Any person or corporation laying any track or tracks in violation of this ordinance, or without complying with the terms of the permit herein required, shall be subject to a fine of not less than one hundred dollars nor more than two hundred dollars, and to a further fine of one hundred dollars a day for every day any such track or tracks shall remain in any such street, avenue, alley, or other public place, where the same shall have been laid without said permit or in violation of the terms thereof.

And your orator further shows unto your honors that before the filing of this bill it caused application to be made to said West Chicago Street Railroad Company to desist from its aforesaid wrongful encroachment upon the right of way, franchises, privileges, licenses and property of your orator, and to remove said track from said right of way; and also caused notice to be given to West Chicago Street Railroad Company that your orator desires forthwith to

proceed with the building and construction of said second track along the southerly half of its said right of way, but said West Chicago Street Railroad Company wholly neglected and refused so to remove its said track and cease the obstruction, occupancy and use thereby caused of the right of way of your orator.

And your orator further shows unto your honors that it has also caused application to be made to the department of public works of the said city of Chicago, for information of the right or pretense under which said pretended permit was issued to said West Chicago Street Railroad Company; and your orator thereupon demanded of said department that said pretended permit be wholly revoked and annulled and that said department do take immediate measures to cause the removal of said track from the right of way of your orator, but said department of public works did not nor would in anywise comply with that request of your orator, but wholly neglected and refused so to do.

Wherefore, and because your orator is without remedy by the strict rules of the common law, and can only obtain adequate relief in this honorable court of equity, it prays that said West Chicago Street Railroad Company may be duly summoned to appear and answer this bill of complaint, and all and singular the matters and things herein contained, but not under oath or seal, its answer under such oath and seal being hereby expressly waived.

And your orator further prays that upon the hearing of this cause, it may be ordered, adjudged and decreed by the court that said pretended permit to said West Chicago Street Railroad Company was and is wholly void and of no force and effect; and that the said West Chicago Street Railroad Company has not any right or authority to enter upon, use or occupy any part of the right of way so as aforesaid granted to your orator; and said West Chicago Street Railroad Company has not any right or authority to lay down any such track as has been constructed by it upon said right of way of your orator; and that said West Chicago Street Railroad Company shall, within some short time, to be fixed

474    APPELLATE COURTS OF ILLINOIS.

VOL. 63.] Chicago Gen. Ry. Co. v. West Chicago St. R. R. Co.

by the court, wholly take up and remove its said track from the right of way of your orator; and that said West Chicago Street Railroad Company do also wholly desist and abstain from all and any future obstruction or any interference with your orator's said right of way, and the construction of its said railway tracks, and the transportation of passengers in railway cars thereon.

And your orator further prays that if occasion shall require at any time during the pendency of this suit, or at the conclusion of the same, your orator may have and obtain, upon the proper application, the proper order and writ of injunction to enjoin and restrain the said West Chicago Street Railroad Company from its aforesaid encroachment upon the right of way of your orator; and that your orator may have all such further or other relief as the nature of the case may require and equity and good conscience approve," etc.

The plat, "Exhibit B," attached to the bill, shows what the bill states that it shows.

This is not a case in which the court is asked to enjoin or remove additional facilities for travel in a street, but to remove impediments to travel. If the bill be true, the plaintiff in error had the right to continue its double track upon the street — a right which the defendant in error has, without right, at least seriously impaired.

Property in a street railway is entitled to protection against wrong doing to the same extent as other property. Central City Ry. v. Ft. Clark Ry., 81 Ill. 523.

One hundred and eighty feet of track, connecting with nothing at either end, does not come within the principle of Phelps v. Lake Street Elevated R. R., 60 Ill. App. 471.

The demurrer was wrongly sustained. On the face of the bill the acts of the defendant in error would seem to have been for the purpose of preventing the plaintiff in error from the exercise of its rights.

The decree sustaining the demurrer and dismissing the bill is reversed, and the cause remanded, with directions to overrule the demurrer.

MR. JUSTICE WATERMAN.

Neither of the contending street railways have, merely for their own accommodation, profit or pleasure, any right to lay tracks in the public streets. The privilege in this regard given to them is for the accommodation and benefit of the public, and their undertaking to serve it.

Each corporation is bound to exercise its right to place and maintain railway tracks in such manner that the same shall be an accommodation to the public, and shall not unnecessarily interfere with its right of passage.

Where there has been given to two corporations the right to place rails in and use the same street, each is bound to place its rails and use the street in such manner that the public may have the benefit which can be derived from such joint use.

Neither can be permitted to unnecessarily interfere with the right of the other.