# CASES

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—MARCH TERM, 1897.

## Henry R. Bond v. The Pennsylvania Company.

1. EQUITY PLEADING—*Demurrers After Answer.*—A defendant can not, after he has answered an original bill, put in a general demurrer to the entire bill, as amended, because the answer to the original bill will overrule the demurrer. The defendant must, in such case, confine his demurrer to matters introduced by amendment.

2. STREETS—*Use of, by Railroad When Fee Remains in Abutting Property Owner.*—Where the fee of a street remains in the abutting property owner, the corporation may grant the right to a railway company to lay its tracks along or across such street, but if, in laying its track, the company causes a private injury to him who owns the fee in the adjoining premises, it must make good the damages sustained.

3. COURTS OF EQUITY—*May of Their Own Motion Dismiss Bills Showing Existence of Remedy at Law.*—It does not follow, because a defendant has not, as a defense, insisted that the complainant has an adequate remedy at law, that a court of chancery will give the complainant the particular remedy which, in such forum, he seeks.

**Bill,** for an injunction. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed March, 15, 1897.

### STATEMENT OF THE CASE.

This suit was for an injunction and for general relief, and was dismissed below upon a general demurrer filed by the defendant.

The complainant owns lots 1 and 2, in United States Bank addition to Chicago, located at the southeast corner of 23th street and Stewart avenue. They have a frontage on the latter of 232 feet and extend eastward on 26th street for the distance of a block. Up to 1888 Stewart avenue was but sixty-six feet wide. In that year it was by ordinance widened to ninety-nine feet by condemning a thirty-three foot strip off of all the property abutting on the east, including complainant's lots.

Complainant in his bill charges that he owns the fee to the center of Stewart avenue.

In 1888, and prior thereto, the defendant had two railroad tracks in Stewart avenue. In the fall of 1889, the defendant, under an ordinance purporting to give authority to that end, made preparation to lay two additional tracks (making four in all) lengthwise in the bed of the original street (being the west sixty-six feet of the avenue as widened) and to erect a wall or fence lengthwise along the east line of the same portion, with the purpose of separating the new thirty-three foot strip from the other, and thus appropriate the original bed of the street exclusively to railroad uses. The apparent consideration for this permission to use the old street, was an agreement by the defendant to pay the cost of the thirty-three foot strip, and the expense of fitting up the latter for a street. Before any part of these proposed "improvements" had been begun, complainant filed this bill to enjoin its progress, upon the theory that such exclusive appropriation of the old portion of the avenue to a single mode of travel was unlawful; that the ordinance purporting to authorize the same was void, as beyond the power of the city council; that the proposed seizure by defendant of land whereof complainant owns the fee was not merely an indirect or consequential damage to him as an abutting owner, but amounted to a direct physical "taking" of his property without compensation; or, if not so, then the laying of two more tracks for a steam railroad at least imposed an additional servitude, for which compensation must be paid as a condition precedent to its enjoyment.

The bill was, August 27, 1895, amended to set forth that since and before 1886 the defendant has itself owned a large number of lots in United States Bank addition, fronting on Stewart avenue, and that it held the same through mesne conveyances, from William Garnett, the maker of the plat, under whom the complainant also derives title; and that the defendant had bought with reference to and according to the same plat and under the same common grantor with complainant.

Prior to the filing of the demurrer which was sustained the cause had proceeded as follows :

October 28, 1889.   Bill filed in same form as at present, except (1) that the Fort Wayne Company, the Chicago & Western Indiana Company and the city of Chicago were orginally named as parties; and (2), that the averments as to defendant holding property in the United States Bank addition, under the same grantor as complainant, have since been added.

December 7, 1889.   Pennsylvania Company obtained from plaintiff a stipulation for fifteen days more time to answer or demur.

December 18, 1889.   Answer of Pennsylvania Company (verified) filed, admitting many, and denying other, averments of the bill, but raising no question as to the jurisdiction of equity, or the adequacy of the legal remedy.

November 22, 1891.   General replication filed.

July 14, 1893.   Bill amended by omitting Pittsburg, Fort Wayne & Chicago Railway Company and city of Chicago as parties.

July 14, 1893.   Pennsylvania Company's answer ordered to stand to bill as amended.

July 14, 1893.   Order that replication stand to answer.

July 14, 1893.   Cause referred to master to take proofs and report.

July 18, 1893.   Demurrer filed by Pennsylvania Company, (1) for general want of equity, (2) that Pittsburg, Fort Wayne & Chicago Railway Company is a necessary party.

October 15, 1894. Demurrer overruled. Defendant obtained leave to have answer stand as answer to amended bill.

June 7 to June 12, 1895. Testimony on part of complainant taken before master, company's attorney there appearing and participating.

June 7, 1895. Stipulation by Pennsylvania Company as to certain facts, viz., that when the ordinance mentioned in the bill was proposed and passed, the Pittsburg, Fort Wayne & Chicago Railway Company (and the Pennsylvania Company, its lessee,) owned a number of lots abutting on Stewart avenue, on the east side thereof; that some of the same were located in the United States Bank addition; that they acquired all their lots in said addition by mesne conveyances from William Garnett, the original dedicator (being the same person under whom complainant holds his title).

August 27, 1895. Bill amended by alleging that the company owns lots in United States Bank addition, abutting on Stewart avenue, and derives title thereto under the same grantor as complainant, as hereinbefore set forth.

September 4, 1895, the sustained demurrer was filed.

RITCHIE, ESHER & WOOLLEY, attorneys for appellant.

LOESCH BROTHERS & HOWELL, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is urged by appellant that appellee having answered the bill, as first filed, could not urge as a ground of demurrer to the amended bill, that thereby it appeared that the complainant had an adequate remedy at law.

The bill as first filed was based upon the theory that the complainant, being the owner of the fee of the street, had a right to have its use confined to purposes which were not inconsistent with the common use to which streets are devoted. By the amendment, the complainant urged as an additional ground of relief that there existed between him

Bond v. Pennsylvania Co.

and the defendant such contractual relations as bound the defendant not to use any portion of the street in such manner as virtually to exclude him, the complainant, from using the same in the ordinary way.

There was by the amendment no abandonment of the ground for relief urged in the original bill, nor any change in the relief sought; there was merely set up an additional reason for relief.

The defendant might have answered the amended bill, entirely abandoning the matters set up in his first answer and insisting upon other defenses, but he could not demur to that which he had already answered, and his demurrer should have been confined to the amendment.

One can not answer and demur to the same matter.

An amendment to a bill, however trivial and unimportant, authorized a defendant, though not required to answer to put in an answer, making a new defense and contradicting his former answer.  An amendment to a bill does not, however, enable a defendant who has answered the original bill to demur to an amended bill upon any cause of demurrer to which the original bill was open, unless the nature of the case made by the bill has been changed by the amendments. Daniell's Ch. Pr., Vol. 1, p. 409, 5th Am. Ed.

A defendant can not, after he has answered an original bill, put in a general demurrer to the bill as amended, because the answer to the original bill will overrule the demurrer.  The defendant must, in such case, confine his demurrer to matters introduced by the amendment.  1 Dan. Chy. Pr., 583, 5th Am. Ed.

The defendant could not, therefore, urge as a demurrer to the entire bill as amended, that the complainant had an adequate remedy at law, because no such defense to the original bill was insisted upon in the answer filed thereto.

The original and amended bill is an attempt by an abutting owner, holding also the fee of the street, to restrain the use of the highway for a public purpose.

The construction of the fence is immaterial.  By the laying of tracks for a steam railway and the passing of locomotives

and trains thereon, the use of so much of the street as is so occupied, in ordinary modes, is practically prevented, the fence is for the protection of those using the remainder of the street from injury by the cars and locomotives of the defendant.

It does not appear that the thirty-three feet reserved for ordinary use is not sufficient for such purpose.

We do not regard the case of Field v. Barling, 149 Ill. 556, which was an attempt to put a portion of a street to an exclusive private use, nor Ligare v. The City of Chicago, 139 Ill. 46, as inconsistent with the doctrine of Tibbets v. The West and South Towns St. Ry. Co., 54 Ill. App. 180, 153 Ill. 147; Stewart v. Chicago General Railway Co., 58 Ill. App. 446; Philips v. Lake St. R. R. Co., 60 Ill. App. 471; Moses v. Pittsburg, Ft. Wayne & Chicago R. R. Co., 21 Ill. 516; Murphy v. Chicago, 29 Ill. 279; Stetson v. Chicago & Evanston R. R. Co., 75 Ill. 76; Patterson v. Chicago, Dan. & Vin. R. Co., 75 Ill. 588; C., B. & Q. R. R. Co. v. McGinnis, 79 Ill. 269; P. & R. I. Ry. Co. v. Schertz, 84 Ill. 135; Rigney v. Chicago, 102 Ill. 64; Penn. Ins. Co. v. Heiss, 141 Ill. 35; Corcoran v. Chicago, Mad. & Northern R. R. Co., 149 Ill. 291; White v. Metropolitan Elevated R. R. Co., 154 Ill. 620; and Chicago, B. & Q. R. R. Co. v. West Chi. St. R. Co., 156 Ill. 255; which are to the effect that a private individual may not restrain the lawful use of a public street for a public purpose.

It does not follow because the defendant has not, as a defense, insisted that the complainant has an adequate remedy at law, that a court of chancery will give to him the particular remedy which in such forum he seeks.

It is not claimed that the defendant is insolvent or unable to respond to any judgment which the complainant may recover, as was the case in Langabier v. Ry. Co., 64 Ill. 243.

We therefore think that the complainant should be left to his action at law, and we see no reason for concluding that such remedy has been lost by *laches.*

The trespass, if such there be, has continued to this day.

The Supreme Court in I. B. & W. R. R. Co. v. Hartley et

al., 67 Ill. 439, said : " The doctrine most in consonance with our sense of justice is, where the fee of the street remains in the abutting land owner the corporation may grant the right to a railway company to lay its tracks along or across any street, but the company avails itself of its privilege at its peril. If, in laying its track, it causes a private injury to him who owns the fee in the adjoining premises, it must make good the damages sustained."

Appellant has not shown by his bill that he is entitled to restrain the use for a public purpose of this public street.

The ownership of the fee gives him no such right, nor does the contractual relation existing between him and appellee.

The decree of the Circuit Court is affirmed.